DECUIR, Judge.
_JjIn this workers’ compensation case, both claimant and defendant appeal adverse judgments of the workers’ compensation judge.
FACTS
Patrick Gleason injured his shoulder on July 23, 2007, while working as an executive chef for Lafayette General Medical Center (LGMC). He underwent two arthroscopic surgeries for that injury. The first surgery was on May 8, 2008, and the second on January 21, 2009. He was paid temporary total disability benefits (TTD) during his recovery from both surgeries. Gleason returned to work on March 9, 2009. The only restriction placed on Gleason was that he not lift more than forty pounds.
Gleason’s executive chef position did not require lifting beyond his restriction, so he returned to work without the need for a job modification. Gleason worked without complaint until May 13, 2010, when he voluntarily submitted a resignation letter indicating that he would be leaving on May 27, 2010, to pursue career objectives.
Unknown to LGMC, Gleason had conditionally accepted a position as executive chef at a local restaurant pending a drug screen. Gleason did not pass the drug screen due to the presence of pain medication in his system. Gleason returned to LGMC and attempted to rescind his resignation on May 18, 2010. LGMC declined his offer to be reemployed and made his resignation effective immediately.
Three weeks later, on June 8, 2010, Gleason’s treating orthopedic surgeon, Dr. Michael Duval, declared him unable to work pending diagnostic testing. LGMC declined to pay benefits because Gleason was no longer their employee.
| ^Gleason filed a claim for TTD benefits which the trial court held to be prescribed. Gleason amended his claim seeking supplemental earnings benefits (SEBs), penalties, and attorney fees. The trial court granted SEBs from June 28, 2010, but denied the request for penalties and attorney fees. Both parties appealed, and Gleason answered seeking attorney fees on appeal.
TEMPORARY TOTAL DISABILITY
Gleason contends the workers’ compensation judge erred in finding that his claim for TTD benefits had prescribed.
In order to prove entitlement to TTD benefits or to permanent total disability benefits, a claimant must demonstrate by clear and convincing evidence that he is physically unable to engage in any employment, including working while in any pain. La.R.S. 23:1221(l)(c) and (2)(c). Disability is a question of fact. Jones v. Universal Fabricators, 99-1370 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, writ denied, 00-742 (La.5/12/00), 762 So.2d 13.
Louisiana Revised Statutes 23:1209 provides in pertinent part:
§ 1209. Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this *433 Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
|aThis “is the only prescriptive period setting forth the amount of time a worker has to file a claim for benefits.” Dufrene v. Video Co-Op, 02-1147, p. 10 (La.4/9/03), 843 So.2d 1066, 1073.
Gleason last received benefits on March 9, 2009. Accordingly, prescription tolled on his claim on March 10, 2010. At that time, he was employed by LGMC and had not resigned or been declared unable to work. Gleason’s claim for TTD benefits is prescribed on its face. The cases cited by Gleason seeking to extend the prescriptive period under the ‘developing injury rule’ are inapplicable. Accordingly, we find no error in the workers’ compensation judge’s failure to award of TTD benefits.
SUPPLEMENTAL EARNINGS BENEFITS
LGMC alleges the workers’ compensation judge erred in awarding Gleason SEBs from June 8, 2010. We agree.
An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La.R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733.
Gleason voluntarily resigned his position with LGMC to seek other employment. At the time, he had a job earning his full wage and had been conditionally accepted for another position. Gleason’s disability status did not change until three weeks after he had resigned from LGMC. While workers’ compensation laws are to be liberally construed in favor of compensation, we cannot say that the social contract extends to providing compensation for employees who voluntarily leave and later become disabled. In this case, Gleason |4has failed to establish that he is entitled to SEBs. The workers’ compensation judge’s award of SEBs is reversed.
PENALTIES AND ATTORNEY FEES
Gleason contends the workers’ compensation judge erred in failing to award penalties and attorney fees and asks this court to award them for prosecution of this appeal. The record before us supports the workers’ compensation judge’s decision, and we decline to make an award for work on this unsuccessful appeal.
DECREE
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed insofar as it finds Gleason’s claim for TTD benefits prescribed and declines to award penalties and attorney fees. In all other respects, particularly insofar as it *434 awards SEBs, the judgment is reversed. All costs of these proceedings are taxed to claimant, Patrick Gleason.
AFFIRMED IN PART AND REVERSED IN PART.
COOKS, J., dissents and assigns written reasons.